DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas that found appellant guilty of one count of corruption of a minor, imposed a 17-month sentence on the conviction, and found appellant to be a sexual predator. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.
Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR BECAUSE INSUFFICIENT EVIDENCE EXISTED TO SUPPORT SUCH A FINDING PURSUANT TO CHAPTER 2950 OF THE REVISED CODE.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A SEVENTEEN MONTH SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS EXCESSIVE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The facts that are relevant to the issues raised on appeal are as follows. On April 5, 2001, appellant was indicted on two counts of corruption of a minor, in violation of R.C. 2907.04(A). Appellant was charged with engaging in two acts of sexual conduct with his wife's 14-year-old daughter in September 2000. On October 18, 2001, appellant entered a plea of guilty to Count 1 of the indictment in exchange for the state's dismissal of Count 2. At the time appellant entered the plea, he had served five months of a 17-month sentence on a conviction for gross sexual imposition involving a different victim. Case No. 01-CR-033. The trial court accepted appellant's plea, found him guilty and proceeded directly to hearing on the matters of sexual offender classification and sentencing. At the conclusion of the hearing, the trial court found appellant to be a sexual predator pursuant to R.C. 2950.09 and sentenced him to 17 months imprisonment to be served consecutively to the sentence he was currently serving on the gross sexual imposition conviction. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that the trial court's finding that he is a sexual predator was not supported by sufficient evidence. Appellant argues that the trial court failed to consider all of the factors required by R.C. 2950.09(B)(3) and that if it had it would have found him to be a habitual sex offender rather than a sexual predator. Appellant further argues that the state failed to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E).
R.C. 2950.09(A) states that a person who has been convicted of or pleaded guilty to a sexually oriented offense may be classified as a sexual predator. R.C. 2950.09(B)(1) requires the trial court to conduct a hearing to determine the offender's status. The trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). "Clear and convincing" evidence is that degree of proof which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. In reviewing a trial court's decision founded upon this degree of proof, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard. Id.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(B)(3), in determining whether appellant is a sexual predator, the trial court must consider all relevant factors including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
Both attorneys made statements at the hearing but neither party presented any evidence as to the issue of appellant's sexual offender classification. The trial court indicated that it would consider as evidence the presentence investigation in this case as well as the presentence investigation in Case no. 01-CR-033 and would issue a decision within a few days.
In its judgment entry filed October 25, 2001, the trial court indicated that it had taken the following facts into consideration. The conviction in this case involved two acts of sexual conduct committed against a 14-year-old girl by appellant who was then 26 years old. Appellant had previously been convicted of gross sexual imposition upon a victim who was substantially impaired, and all three acts occurred at or about the same time. The trial court found that appellant showed a propensity to seek out victims who are very young or under a disability in order to minimize the likelihood of encountering any resistance.
While R.C. 2950.09(B)(3) does not require that each factor listed therein be met, it does require that the court consider those factors that are relevant. State v. Thompson (1999), 140 Ohio App.3d 638. The trial court in this case took into consideration appellant's prior conviction for gross sexual imposition, the offender's age, the age of the victim, the fact that appellant sought out victims who were under disability in order to minimize their ability to resist, and the two presentence investigations.
In a case such as this, where a finding is made that appellant is likely to engage in the future in one or more sexually oriented offenses, the lack of expert psychiatric testimony as to that issue cannot be overlooked. In the absence of such testimony, we cannot find that the trial court had before it any evidence that appellant is in fact likely to engage in sexually oriented offenses in the future. The trial court had before it evidence of appellant's criminal and social history, which related to the factors set forth in R.C. 2950.09(B)(3), but which are not probative of the second prong of R.C. 2950.01(E), which provides the definition of a sexual predator. There was, in fact, no evidence presented at the classification portion of appellant's hearing. The trial court heard arguments from both sides and then stated that it would consider the presentence investigations from both this case and appellant's earlier conviction.
Because there is little relevant information on the record aside from appellant's prior conviction, it is likely that expert testimony would have assisted the trial court in making an accurate finding as to appellant's status. Based on the foregoing, this court finds that the trial court erred by finding appellant to be a sexual predator without expert testimony on the issue of appellant's likelihood of committing one or more sexually oriented offenses in the future. See State v. Thompson
(1999), 140 Ohio App.3d 638; State v. Rocha (Dec. 10, 1999), Lucas App. No. L-99-1070. Accordingly, appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant asserts that the sentence of 17 months was against the weight of the evidence. Appellant argues that the specific events surrounding the offenses in this case are of such a "limited nature" that a sentence of 17 months is not reasonable.
The offense of which appellant was convicted is a fourth-degree felony. R.C. 2929.14(A)(4) provides that if the court elects or is required to impose a prison term on an offender for a felony of the fourth degree, the prison sentence shall be between six and eighteen months.
The record in this case reflects that the trial court considered the purposes of felony sentencing as set forth in R.C. 2929.11, which are "to protect the public from future crime by the offender and others and to punish the offender." The court noted appellant's pattern of taking advantage of women who are very young or under some form of disability. The record also reflects that the trial court considered the seriousness of appellant's conduct and the likelihood of his recidivism, as required by R.C. 2929.12 prior to imposing sentence for a felony. Here, the court noted the victim's young age and that appellant's relationship with the victim facilitated the offense. As to the likelihood of recidivism, the trial court noted that appellant had previously been convicted of a sex offense and that he had previously been determined to be a sexually oriented offender. Finally, the trial court found that pursuant to R.C.2929.13(B)(2)(a), a term of imprisonment is required on a conviction for a sex offense that is a fourth-degree felony.
Based on the foregoing, this court finds that the trial court did not err by imposing a 17-month sentence on appellant's conviction and, accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. The judgment of the trial court as to appellant's sentence is affirmed. That portion of its order finding appellant to be a sexual predator pursuant to R.C.2950.09 is reversed and this case is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Costs of this appeal are assessed equally to the parties.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.